**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CHRISTOPHER DUGGAN** **PLAINTIFF**
**ADC #100338**

**v.** **Case No. 4:25-cv-01196-KGB**

**DEXTER PAYNE, Director, ADC, *et al.*** **DEFENDANTS**

**ORDER**

Before the Court are the Partial Recommended Dispositions ("Recommendations) submitted by United States Magistrate Joe J. Volpe (Dkt. Nos. 9; 13). In the Partial Recommended Disposition dated February 10, 2026 ("Recommendation I"), Judge Volpe screened plaintiff Christopher Duggan's complaint and recommended that Duggan be allowed to proceed on certain claims involving a July 14, 2025, choking incident (Dkt. No. 9). In the Partial Recommended Disposition dated February 18, 2026 ("Recommendation II"), Judge Volpe recommends that the Court deny Duggan's motion for preliminary injunction and temporary restraining Order (Dkt. No. 13). Duggan has filed objections (Dkt. Nos. 23; 30). After careful consideration of the Recommendations, the objections filed March 6, 2026 ("First Objections") and objections filed April 3, 2026 ("Second Objections"), and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. Nos. 9; 13).

**I. Background**

Duggan is an inmate in the Arkansas Division of Correction's ("ADC") Varner Unit. Duggan filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). On January 5, 2026, Judge Volpe entered an Order giving Duggan an opportunity to file an amended

complaint within 30 days. Duggan did not file a timely amended complaint, and Judge Volpe screened Duggan's complaint in Recommendation I (Dkt. No. 9).

In his complaint filed November 14, 2025, Duggan asserts that, on July 14, 2025, Nurse Hayes and Nurse Kesone, both named defendants, denied him medical care when he was choking and ordered him to return to his barrack (Dkt. Nos. 2, 3). According to Duggan, as a result he had difficulty breathing, experienced "stabbing" pain in his back, and could not drink or eat (*Id.*). Duggan alleges that the next day he was taken to the emergency room, where an MRI showed something lodged in his throat (Dkt. No. 2, at 4). Duggan asserts that he was transported to a hospital in Little Rock where doctors used a scope to remove a piece of food from his throat (*Id.*). Duggan maintains that his throat has been "hurting every [sic] since." (*Id.*).

In Recommendation I, Judge Volpe concludes, for screening purposes only, that Duggan stated a plausible Eighth Amendment inadequate medical care claim against Hayes and Kesone (Dkt. No. 9, at 2). Judge Volpe further concludes that Duggan's claims that Hayes and Kesone interfered with the grievances Duggan filed about the incident do not state plausible claims for relief (*Id.*). Further, Judge Volpe determines that Duggan has not stated a plausible 42 U.S.C. § 1983 claim against defendant Director Dexter Payne because there is no vicarious liability in a § 1983 action for constitutional violations committed by subordinates (*Id.*, at 2–3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)).

After Judge Volpe issued Recommendation I, Duggan filed a motion for temporary restraining order and preliminary injunction (Dkt. No. 10). In the motion, Duggan claims that he has been diagnosed with a benign tumor on his side but that the contracted medical providers have not ordered a biopsy of the tumor to determine that it is benign (*Id.*, at 1). Duggan seeks a temporary restraining order and preliminary injunction to "ensure he receives proper medical care

from the 'ADC' officials from the Varner Unit; Wellpath LLC, and 'HIG' Corporation employees" (*Id.*, at 2). Duggan specifically asks the Court to require defendants to "do the biopsy and surgery to remove the tumor diagnose by a specialist at U.A.M.S." (*Id.*, at 7).

In Recommendation II, Judge Volpe recommends that the Court deny the motion for temporary restraining order and preliminary injunction for two reasons. First, Judge Volpe recommends that the Court deny Duggan's motion because the injury claimed in the motion is unrelated to the conduct asserted in the complaint, which involved Duggan allegedly choking on a piece of food (Dkt. No. 13, at 3). Judge Volpe points out that Duggan is not attempting to preserve the status quo by bringing the motion, but instead, Duggan is trying to obtain affirmative relief on another matter not before the Court in this case based on allegations in Duggan's complaint, which is not a valid use of a request for injunctive relief (*Id.* (citing *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (a preliminary injunction is inappropriate for dealing with matters "lying wholly outside the issues in the suit"); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint")). Second, Judge Volpe recommends that the Court deny Duggan's motion because Duggan has not established that he will suffer irreparable harm in the absence of the Court granting injunctive relief (*Id.*). Duggan states that medical personnel have diagnosed his tumor as benign. This being the case, Judge Volpe points out that, based on the record before the Court, Duggan cannot establish irreparable harm to warrant the Court granting injunctive relief (*Id.*, at 3–4).

On March 6, 2026, without leave of the Court, Duggan filed an amended complaint. In the amended complaint, Duggan named as defendants Payne, Kesone, Hayes, and Marsha Miller (Dkt.

No. 22, at 2). Duggan brought two claims in the amended complaint. First, Duggan claimed inadequate medical care in violation of the Eighth Amendment against Hayes and Kesone related to the choking incident, and second, Duggan claimed inadequate medical care in violation of the Eighth Amendment against Miller related to the benign tumor found in his side because she allegedly refused a procedure to determine if the tumor is cancerous (*Id.*, at 4). In an Order dated March 10, 2026, Judge Volpe determined that Duggan's claim regarding the tumor was improperly joined with his claim regarding the choking incident, and Judge Volpe struck the amended complaint from the record so that Duggan could, if he chooses, bring the claim regarding his tumor in a separately filed lawsuit (Dkt. No. 25, at 1).

The Court writes separately to address Duggan's objections to the Recommendations (Dkt. No. 23; 30).

## II. Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the

§ 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III. Analysis**

For his First Objections, Duggan states that he is "unskilled in the science of the law," has since filed an amended 42 U.S.C. § 1983 civil complaint as requested by the Court, is acting without counsel, and his pleadings should be held to a less stringent standard than those drafted by lawyers (Dkt. No. 23, at 1–2).

Duggan argues that his amended § 1983 civil complaint would make any partial recommended disposition moot (*Id*., at 3). As set forth above, however, Judge Volpe found the claim in the amended complaint brought by Duggan to be unrelated to the July 14, 2025, choking incident and struck Duggan's amended complaint from the record (Dkt. No. 23, at 1). The Court does not disagree with Judge Volpe's analysis.

Duggan claims that he sent "good faith" letters to Payne with copies of his grievances that would have made Payne aware of his subordinates' violations (*Id*, at 4). Duggan references violations of A.R. 835 grievance procedure and A.D. 19:34 (*Id*.). As set forth in Recommendation I, in order to state a claim, Duggan must plead that Payne, through his own individual action, violated the Constitution (Dkt. No. 9, at 3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Notification to Payne, after the events described in the complaint through copies of the grievances, would not have given Payne notice of the alleged constitutional violations of his subordinates prior to the violations occurring. Additionally, as set forth in Recommendation I, Duggan did not have

a constitutional right to have Payne follow the ADC grievance policy (Dkt. No. 9, at 2 (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)).

Also in his First Objections, Duggan claims he is in imminent danger of serious physical injury (Dkt. No. 23, at 5–7). Duggan also raises a claim about defendants' "failure to perform a biopsy" to prove that there was no imminent danger of "the tumor being cancerous and/or malignant" (*Id.*, at 5). As set forth above, Judge Volpe found that Duggan's claim related to the tumor was improperly joined with Duggan's claim regarding the choking incident and struck Duggan's amended complaint.

Duggan's remaining objections complain about defendants' purported failure to process properly his grievances in a timely manner (*Id.*, at 6–7). Again, this does not state a constitutional claim because there is no constitutional right to have defendants follow the ADC grievance policy. *Lomholt*, 287 F.3d at 684; *Buckley*, 997 F.2d at 495.

Duggan also filed Second Objections (Dkt. No. 30). In his Second Objections, Duggan states that he is "unskilled in the science of the law," he is acting without counsel, and his pleadings should be held to a less stringent standard than those drafted by formal lawyers (*Id.*, at 1).

Duggan's Second Objections continue to address Recommendation I and do not address Judge Volpe's Recommendation II dealing with Duggan's motion for a temporary restraining order and preliminary injunction (Dkt. No. 30). Duggan's objections again argue that his claims against Payne should not be dismissed because Payne is "ultimately responsible for the inmate populations housing, medical, clothing, food and other basic needs" and because Duggan "clearly filed the original [§] 1983 civil complaint after filing the original grievance." (Dkt. No. 30, at 3). For the reasons set forth above, Payne cannot be held vicariously liable under § 1983 for

constitutional violations committed by his subordinates. *See Iqbal*, 556 U.S. at 676; *Keeper*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Duggan again asserts that Payne was "made aware of the violations with the original grievance" (*Id*., at 3–4), but notice from a grievance filed by Duggan after the asserted constitutional violations occurred is insufficient for Payne to have prevented the alleged violations. Finally, any delay by Payne in responding to grievances, as set forth above, does not state a plausible constitutional claim.

Upon a *de novo* review of the record, including the Recommendations, the Court finds that Duggan's objections break no new ground and fail to rebut the Recommendations. Thus, the Court agrees with the Recommendations and adopts them as its findings in their entirety (Dkt. Nos. 9; 13).

**IV. Conclusion**

For these reasons, the Court adopts the Recommendations in their entirety as this Court's findings in all respects (Dkt. Nos. 9; 13). Therefore, it is ordered that:

1. Duggan shall proceed with his inadequate medical care claims against defendants Hayes and Kesone (Dkt. No. 2);
2. All other claims in Duggan's complaint, as well as defendant Payne, are dismissed without prejudice (*Id.*);
3. The Court denies Duggan's motion for temporary restraining order and preliminary injunction (Dkt. No. 10);
4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal is considered frivolous and not in good faith.

So ordered, this 31st day of August, 2026.

Kristine G. Baker
Chief United States District Judge